UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| STEVEN LEVINE | Civil Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| COOL BEAR SERVICES, LLC, | Jury Demanded |
| Defendant. | |

Plaintiff STEVEN LEVINE ("Mr. Levine" or "Plaintiff"), by and through his attorneys, LEVINE & BLIT, PLLC, complaining of Defendant COOL BEAR SERVICES, LLC ("Cool Bear" or "Defendant") as follows:

## NATURE OF THE ACTION

1. This action is brought to remedy discrimination, harassment, and wrongful termination based upon age and disability in plaintiff's employment in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), and the Florida Civil Rights Act of 1992 ("FCRA").

2. Defendant's actions were unlawful and Plaintiff seeks injunctive and declaratory relief, compensatory and punitive damages, costs and attorneys' fees, costs, and other appropriate legal and equitable relief pursuant to the ADEA, the ADA, and the FCRA, and such other and further relief as the Court deems necessary and proper.

## JURISDICTION and VENUE

3. Jurisdiction of this Court is appropriate pursuant to 28 U.S.C. §1331 and 1343, as this action involves questions regarding the deprivation of Plaintiff's rights under the ADEA and ADA.

1

4. This Court also has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. §1367.

5. Venue of this Court is appropriate pursuant to 28 U.S.C §1391 because a substantial part of the events or omissions giving rise to this action occurred in this district, and defendant resides in this District.

## PARTIES

6. Mr. Levine is a sixty-two-year-old man with several disabilities which were known to defendant during his employment.

7. Mr. Levine is a resident of the State of Florida, and Palm Beach County.

8. Cool Bear is a private limited liability company with a location in Delray, Florida.

9. At all times relevant to this action, Cool Bear was an "employer" within the meaning of the ADEA, the ADA, and the FCRA.

10. At all times relevant to this action, Mr. Levine was an "employee" of Defendant within the meaning of the ADEA, the ADA, and the FCRA.

11. At all times relevant to this action, former General manager Joshua White ("White"), Comptroller Lisa Earp ("Earp"), and part-owner Bill Mashraky ("Mashraky") served Cool Bear in a managerial capacity, and were in a position of authority to undertake or recommend tangible employment decisions and/or control the terms of Mr. Levine's employment position with Cool Bear.

12. At all times relevant to this action, Plaintiff had the skills, experience, and qualifications necessary to work in his employment position for Defendant.

## ADMINISTRATIVE PREREQUISITES

13. Prior to filing this action, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violation of the ADEA and ADA. Plaintiff's EEOC charge arises out of the same general facts alleged herein.

14. On or about September 25, 2020, Plaintiff received a copy of a Notice of Right to Sue issued by the EEOC in connection with his previously filed Charge of Discrimination. Plaintiff filed this Complaint within 90 days of Plaintiff's receipt of the EEOC Right to Sue.

## FACTUAL ALLEGATIONS

15. On or about May 1, 2016, Plaintiff became employed by Defendant as a sales consultant.

16. Mr. Levine was a model employee from the start until the very end of his employment. Mr. Levine received numerous excellent customer reviews, including on the Better Business Bureau's website. Likewise, Mr. Levine never had any disciplinary issues.

17. At all times relevant to this Complaint, Mashraky and White made numerous comments about Mr. Levine's age, including but not limited to, "you are the oldest staff" and "can't believe you're so old." Mashraky and White made it known that it was their desire to have a younger staff.

18. In addition to being targeted due to his age during his employment, Mr. Levine also suffered from disabilities well-known to Defendant, disabilities which significantly affected Mr. Levine's ability to walk, and to endure a workday without excruciating pain.

19. Mr. Levine requested several accommodations during his employment due to his disabilities. For example, Mr. Levine requested a leave of absence for hip replacement surgery in or about June 2017, which was granted by the company.

20. Mr. Levine also suffered from cancer during his employment and through his termination by Cool Bear. This, as well, was known to defendant during Mr. Levine's employment.

21. In or around October 2018, Mr. Levine also requested a leave of absence for an additional significant disability, specifically for knee replacement surgery and recovery. The leave of absence was initially approved, and was set to begin in late November, 2019.

22. Mr. Levine was subjected to significant hostility due to his disabilities and need for leave of absence due to his disabilities.

23. On or about November 22, 2018, Mr. Levine attended a meeting with Earp and White, the same person who made discriminatory comments to Mr. Levine and others based on age. At that meeting, defendants terminated Mr. Levine for no legitimate, non discriminatory reason, and solely due to his age, and/or disabilities and need for accommodations. The termination came just a day before Mr. Levine's leave of absence for his disability was due to begin.

24. Cool Bear's discriminatory treatment did not end upon Mr. Levine's termination. Cool Bear was required to file Mr. Levine's COBRA benefits, but Cool Bear delayed this for two months for no apparent and legitimate reason. As a direct result of Cool Bear's actions, Mr. Levine's cancer treatment had to be delayed two months.

25. Mr. Levine has suffered and will continue to suffer due to Cool Bear's discriminatory treatment up to and through his termination.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT

(Discrimination under the ADEA)

26. Plaintiff hereby realleges each allegation contained in this Complaint as if fully set forth at length herein.

27. Pursuant to the ADEA, it is an unlawful employment practice for an employer to discriminate against an employee in compensation, terms, conditions, or privileges of employment based on that employee's age.

28. Plaintiff suffered an adverse employment action against him when Defendant terminated his employment due to Plaintiff's age.

29. As a result of Defendant's actions, Plaintiff was wrongfully terminated from his employment and has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary and compensatory damages, for *inter alia*, a delay in medical treatment for cancer, mental anguish, emotional distress, and humiliation.

30. Defendant acted intentionally and with malice and reckless indifference to Plaintiff's statutory rights under the ADEA, and is thereby liable to Plaintiff for compensatory and other damages under the ADEA.

### SECOND CAUSE OF ACTION AGAINST DEFENDANT

(Harassment and Hostile Work Environment under the ADEA)

31. Plaintiff hereby realleges each allegation contained in this Complaint as if fully set forth at length herein.

32. Pursuant to the ADEA, it is an unlawful employment practice for an employer to create or condone a work environment permeated with discriminatory intimidation that is sufficiently severe or pervasive to alter the conditions of an employee's work environment.

33. Plaintiff is protected under the ADEA as an older worker. Plaintiff was subjected to discriminatory and harassing acts and practices due to Plaintiff' age in the form of derogatory comments about his age, as alleged above. Thus, Plaintiff was subjected to a workplace which was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe and pervasive enough to alter the conditions of his work environment.

34. Defendant condoned the discriminatory and harassing acts and practices as alleged above. Plaintiff has suffered and will continue to suffer substantial losses due to the hostile work environment to which he was subjected, including loss of past and future earnings and other employment benefits, and has suffered other monetary and compensatory damages, for *inter alia*, mental anguish, emotional distress, and humiliation.

35. Defendant acted intentionally and with malice and reckless indifference to Plaintiff's statutory rights under the ADEA and are thereby liable to Plaintiff for compensatory damages under the ADEA.

## THIRD CAUSE OF ACTION AGAINST DEFENDANT

(Discrimination under the ADA)

36. Plaintiff hereby realleges each allegation contained in this Complaint as if fully set forth at length herein.

37. Pursuant to the ADA, it is an unlawful employment practice for an employer to discharge from employment or discriminate against an employee in compensation, terms, conditions, or privileges of employment based on that employee's disability.

38. Plaintiff suffered an adverse employment action against him when Defendant terminated his employment due to Plaintiff's disability.

39. As a result of Defendant's actions, Plaintiff was wrongfully terminated from his employment and has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary and compensatory damages, for *inter alia*, a delay in medical treatment for cancer, mental anguish, emotional distress, and humiliation.

6

40. Defendant acted intentionally and with malice and reckless indifference to Plaintiff's statutory rights under the ADA, and is thereby liable to Plaintiff for compensatory and other damages under the ADA.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANT

(Discrimination under the FCRA)

41. Plaintiff hereby realleges each allegation contained in this Complaint as if fully set forth at length herein.

42. Pursuant to FCRA, it is an unlawful employment practice for an employer to discharge from employment or discriminate against an employee in compensation or in terms, conditions, or privileges of employment based upon that employee's age and/or disability.

43. Plaintiff suffered an adverse employment action against him when Defendant terminated his employment due to his age and/or disability.

44. Plaintiff was wrongfully terminated by Defendant from his employment and has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary and compensatory damages, for *inter alia*, a delay in medical treatment for cancer, mental anguish, emotional distress, and humiliation.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANT

(Harassment and Hostile Work Environment under the FCRA)

45. Plaintiff hereby realleges each allegation contained in the Complaint as if fully set forth at length herein.

46. Pursuant to the FCRA, it is an unlawful employment practice for an employer to create or condone a work environment permeated with discriminatory intimidation that is sufficiently severe or pervasive to alter the conditions of an employee's work environment.

7

47. Plaintiff is protected under the FCRA as an older worker. Plaintiff was subjected to discriminatory and harassing acts and practices due to Plaintiff' age in the form of derogatory comments about his age, as alleged above. Thus, Plaintiff was subjected to a workplace which was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe and pervasive enough to alter the conditions of his work environment.

48. Defendant condoned the discriminatory and harassing acts and practices as alleged above. Plaintiff has suffered and will continue to suffer substantial losses due to the hostile work environment to which he was subjected, including loss of past and future earnings and other employment benefits, and has suffered other monetary and compensatory damages, for *inter alia*, mental anguish, emotional distress, and humiliation.

49. Defendant acted intentionally and with malice and reckless indifference to Plaintiff's statutory rights under the FCRA and are thereby liable to Plaintiff for compensatory damages under the FCRA.

## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court enter an award:

(a) declaring the acts and practices of Defendant complained of herein are in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), and the Florida Civil Rights Act of 1992 ("FCRA");

(b) enjoining and permanently restraining Defendant from engaging in future unlawful acts of discrimination and harassment;

(c) directing Defendant to pay Plaintiff monetary, compensatory, liquidated and punitive damages as provided by the ADEA, the ADA, and the FCRA;

(d) awarding Plaintiff such interest as is allowed by law;

(e) awarding Plaintiff reasonable attorney's fees and costs, and,

(f) granting such other and further relief as the Court deems necessary and proper.

Dated: November 30, 2020

Respectfully Submitted,<br>
LEVINE & BLIT, PLLC<br><br>
/s/Russell S. Moriarty<br>
Russell S. Moriarty, Esq.<br>
Attorneys for Plaintiff<br>
350 Fifth Avenue, Suite 4020<br>
New York, New York 10118<br>
Phone: (212) 967-3000<br>
rmoriarty@levineblit.com